IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANNE SABETTA, et al.,

        Plaintiffs,

   vs.                     No. CIV S-08-2181 JAM GGH PS

THE NATIONAL RAILROAD PASSENGER CORP.

(aka AMTRAK), et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiffs, proceeding in this action pro se, have requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff s Sabetta, Wichelman, and Walker have submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the requests to proceed in forma pauperis will be granted.

        The determination that plaintiffs may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\\

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [citation omitted]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [citation omitted]. The plausibility standard is not akin to a 'probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully" Ashcroft v. Iqbal, __U.S.__, __S.Ct.__, 2009 WL 1361536 (May 18, 2009).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

2

Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Plaintiff Sabetta alleges that on September 16, 2006, while she was on an AMTRAK passenger bus from Sacramento to Chico, the bus driver harassed her for complaining that he was smoking cigarettes or marijuana. She moved seats and fell asleep, but was awakened in Marysville by police officers who placed her under arrest for causing a disturbance or public intoxication. She was placed in Yuba County Jail and released the next day. She claims that her arrest was without probable cause or a warrant, and that on her release, police did not return all of her money to her. She alleges she was released from jail five minutes after the bus left Marysville for Chico, forcing her to be transient for ten hours which put her at risk. She claims she was then kidnaped and beaten up in Marysville. She attributes the events subsequent to her release from jail to defendants AMTRAK and its bus driver, City of Marysville, Yuba County, and Marysville police officers Conde, Carroll, and Stout. Her claims are for conspiracy (18 U.S.C. § 241), deprivation of rights (18 U.S.C. § 242), federally protected activities (18 U.S.C. § 245), kidnaping (Cal. Pen. Code § 207), false imprisonment (Cal. Pen. Code § 236), violations of the 1st, 4th, 5th, 8th, and 14th amendments to the Constitution, and 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, her fundamental right to travel, and negligent and intentional infliction of emotional distress.

Plaintiff Wichelman is the common law husband of Sabetta, and claims that he was harassed and intimidated by Marysville Police when he filed a missing person report and tried to find Sabetta. The Marysville Police then directed the San Jose Police Department to search his home and his car in San Jose. His claims are for reckless disregard and intimidation of his rights without probable cause, and negligent and intentional infliction of emotional distress.

Plaintiff Walker is the daughter of Sabetta, who resides in Chico, and Sabetta was traveling to see her. The complaint does not appear to contain any claims by this plaintiff.

Although there is federal question jurisdiction over defendant AMTRAK,[1] it is not
clear that plaintiff Sabetta can state a claim against AMTRAK under 42 U.S.C. § 1983 as this
circuit has not addressed the issue of AMTRAK's liability under this statute. *Cf.* Johns v.
AMTRAK Police Unit, 2007 WL 1655281 (N.D. Ill. 2007) (finding § 1983 claim could proceed
against AMTRAK as state actor) ; DeSilvis v. Nat'l R.R. Passenger Corp., 97 F.Supp.2d 459,
460 n. 2 (S.D.N.Y. 2000) (finding state actor based on police power); Cf. Greco v. National R.R.
Passenger Corp., 2005 WL 1320147 n. 38 (E.D. Pa. 2005) (AMTRAK subject to suit as an
agency or instrumentality of United States).

Furthermore, for plaintiff to proceed with a claim under 42 U.S.C. § 1983 against
defendant AMTRAK and its employee, Terry Squire, plaintiff would have to establish state
action on the part of these defendants.[2] The Ninth Circuit has identified four tests to identify
state action by an otherwise private party: "(1) public function; (2) joint action; (3) governmental
compulsion or coercion; and (4) governmental nexus." Kirtley v. Rainey, 326 F.3d 1088, 1092
(9th Cir. 2003). Plaintiff has alleged none of these factual predicates vis-a-vis state action, and
the complaint does not reasonably establish any. Rather, the complaint alleges only that
defendant AMTRAK is a private company whose employees acted inappropriately within their
private – not public or governmental – capacity.

Plaintiff may, however, state a Bivens claim against AMTRAK's employee, Terry
Squire, despite the fact that AMTRAK is not a proper defendant under Bivens v. Six Unknown
Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). Lebron v.

[1] AMTRAK is a federally chartered corporation of which the United States owns more
than 50 percent of the capital stock, and therefore the court has original jurisdiction. 28 U.S.C. §
1349; Rodriguez v. County of Stanislaus, 2008 WL 4765110, *8 (E.D. Cal. 2008).

[2] To succeed on a § 1983 damages claim, a plaintiff must demonstrate not only the
deprivation of a right secured by the Constitution or laws of the United States, but that defendant
acted under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988). A §
1983 claim can lie against a private party only when "he is a willful participant in joint action
with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183 (1980).

4

National Railroad Passenger Corporation, 513 U.S. 374, 394, 115 S.Ct. 961 (1995) (holding AMTRAK is agency or instrumentality of United States in regard to individual constitutional rights guaranteed against the government); Johns, 2009 WL 691281 (AMTRAK probably not proper Bivens defendant; however, individual officers may be liable).

Plaintiff has not yet stated such a claim. Under the governing principles of Iqbal, plaintiff's simple conclusion that the bus driver acted in a matter contrary to the Constitution states nothing but a "sheer possibility" of unlawful conduct, if that.

To the extent that plaintiffs' causes of action are premised upon provisions of the California Penal Code, they fail to state claims upon which relief may be granted because criminal statutes do not provide a private right of action. See, e.g., Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir.1999) (district court properly dismissed claims brought under the California Penal Code because the statutes do not create enforceable individual rights). It is also well established that private actions are maintainable under federal criminal statutes in only very limited circumstances. Cort v. Ash, 422 U.S. 66, 79, 95 S.Ct. 2080, 2088 (1975); Bass Angler Sportsman Soc. v. United States Steel Corp., 324 F.Supp. 412, 415 (S.D.Ala.1971), citing United States v. Claflin, 97 U.S. 546, 24 L.Ed. 1082 (1878); United States v. Jourden, 193 F. 986 (9th Cir.1912). If plaintiffs choose to amend their complaint, they must eliminate the criminal statutes which do not provide a private right of action, or those claims will be dismissed.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiffs have not linked defendants Marysville Police Officers Conde, Carroll and Stout to the alleged violations. For example, plaintiffs claim that the AMTRAK bus driver "enlisted the Marysville Police Department whom by their actions of arresting Plaintiff Sabetta WITHOUT Probable Cause and Without a Standing warrant issued by a judge - and with Without intent to charge her with any crime, without evidence of a crime - did by their actions enter in to a Conspiracy of two or more persons to Depriver Plaintiff Sabetta of Her Constitutional, Civil, Human, Inherent and Legal Rights." [Sic] Compl. at 5. Plaintiff has not alleged which officers arrested her and how their actions violated her constitutional rights. Plaintiff may not simply reference the "Marysville Police Department" in relating the facts. She must specifically allege which officer harmed her at which point in time so that the defendant officers are on notice of the specific allegations personal to them.

The legal basis for plaintiff Wichelman's claims is vague. Fed. R. Civ. P. 8 requires that defendants be put fairly on notice of the claims against them. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to

satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990). The court cannot discern a federal claim from a cause of action for "reckless disregard and intimidation of his rights without probable cause." Compl. at 14. There is no such cause of action under the constitution. Furthermore, this plaintiff has no standing to raise the claims of co-plaintiff Sabetta.[3]

Plaintiff Walker has no claims at all. If she does not state a claim on amendment, she will be dismissed from the action.

If plaintiffs choose to amend the complaint, plaintiffs must demonstrate how the conditions complained of have resulted in a deprivation of plaintiffs' constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

---

[3] If a plaintiff has no standing, the court has no subject matter jurisdiction.

"[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction." Nat'l Wildlife Fed'n v. Adams, 629 F.2d 587, 593 n. 11 (9th Cir.1980). "[T]he standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify the exercise of the court's remedial powers on his behalf." Warth v. Seldin, 422 U.S. 490, 498- 99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (quoting Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)). There are three requirements for standing: (1) "a plaintiff must have suffered an 'injury in fact'--an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not 'conjectural' or 'hypothetical;'" (2) "there must be a causal connection between the injury and the conduct complained of--the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court;'" and (3) "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations omitted) (alterations in original).

Washington Legal Foundation v. Legal Foundation of Washington, 271 F.3d 835, 847 (9th Cir. 2001) (en banc).

there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiffs are informed the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.1981), and defendants not named in an amended complaint are no longer defendants. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

Good cause appearing, IT IS ORDERED that:

1. Plaintiffs' requests for leave to proceed in forma pauperis are granted.

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

3. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: 05/26/09

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS,
UNITED STATES MAGISTRATE JUDGE

GGH:076
Sabetta2181.amd.wpd

8