IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANNE SABETTA,

    Plaintiff,                        No. 2:08-cv-2181 JAM KJN PS

    v.

THE NATIONAL RAILROAD
PASSENGER CORP., dba AMTRAK,
et al.,

    Defendants.                  <u>ORDER</u>

_____/

        This order addresses the plaintiff's recent filing of an amended complaint in this action. Plaintiff,[1] who is proceeding without counsel, filed a document entitled "Second Amended Complaint" on October 25, 2010. (Dkt. No. 32.) Plaintiff filed her original complaint in this action on September 16, 2008. (Dkt. No. 1.) Because this case is proceeding in forma pauperis, the court screened plaintiff's complaint. Following that screening under 28 U.S.C. § 1915(e)(2), the court dismissed the complaint and permitted plaintiff to file an amended

---

[1] Anne Sabetta originally filed this action along with two additional plaintiffs, Karl Wichelman and Bridgette Walker. However, the court dismissed those additional plaintiffs via an order signed by the Honorable John A. Mendez on June 29, 2010. (Dkt. No. 19.) Plaintiff filed an interlocutory appeal challenging this dismissal. (Dkt. No. 26.) However, the Ninth Circuit dismissed this appeal on August 26, 2010 for lack of jurisdiction. (Dkt. No. 30.)

1

complaint. (Dkt. No. 9.)

On September 3, 2009, plaintiff filed a first amended complaint. (Dkt. No. 12.) Following the screening of that complaint, the court ordered dismissal of certain claims and plaintiffs. (Dkt. Nos. 14, 19.) By separate order, the court ordered service of the first amended complaint upon defendants. (Dkt. No. 20.) In that order, plaintiff was required to submit certain documents to the United States Marshals for service of her complaint. Plaintiff was further ordered to submit "within 10 days thereafter," a "statement with the court that such documents have been submitted to the United States Marshal." (Dkt. No. 20 at 2.) The docket in this action does not reflect that plaintiff has filed any such statement. In fact, the docket does not reflect service upon any defendant or appearance by any defendant.

On October 25, 2010, plaintiff filed a document entitled "Second Amended Complaint," purportedly filed by three plaintiffs, including the two who have previously been dismissed from this case. The court's docket does not indicate that plaintiff sought the other parties' written consent or leave to amend from the court, as required by Federal Rule of Civil Procedure 15(a)(2).[2] Moreover, purported plaintiffs Karl Wichelman and Bridgette Walker are

---

[2] Federal Rule of Civil Procedure 15(a) provides, in relevant part:

**(a) Amendments Before Trial.**

*(1) Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

**(A)** 21 days after serving it, or

**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

*(2) Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

1  no longer parties to this action.

2        Accordingly, plaintiff's Second Amended Complaint was improperly filed and is
3  of no legal effect.  The court will strike that pleading pursuant to Federal Rule of Civil Procedure
4  12(f)(1) and the court's inherent power.  Presently, the First Amended Complaint (Dkt. No. 12),
5  as modified by the court's subsequent orders, serves as the operative complaint in this matter.

6        For the foregoing reasons, IT IS HEREBY ORDERED that:

7        1.      Plaintiff's Second Amended Complaint (Dkt. No. 32) is stricken.

8        2.      Plaintiff shall file, <u>on or before November 15, 2010</u>, a statement with the
9  court that she has provided **all** information needed by the United States Marshal to effectuate
10 service of process as detailed in this court's July 6, 2010 order (Dkt. No. 20).  Failure to comply
11 with orders of this court may result in sanctions, including but not limited to dismissal of this
12 action.[3]

13       **IT IS SO ORDERED**.

14 DATED:  November 1, 2010

                                            _____
                                            KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

---

[3] Local Rule 183, governing persons appearing pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by default, or other appropriate sanction.  Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).