IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANNE SABETTA,

Plaintiff, No. 2:08-cv-2181 JAM KJN PS

v.

THE NATIONAL RAILROAD PASSENGER CORP., dba AMTRAK, et al.,

FINDINGS AND RECOMMENDATIONS

Defendants.

_________________________________/

On November 1, 2010, the court ordered for the second time that plaintiff submit a statement with the court that she has provided all information needed to effectuate service upon defendants to the United States Marshals. Plaintiff,[1] who is proceeding without counsel, has filed no such statement or other responsive document to date. Therefore, as discussed in further detail below, the court will recommend that this case be dismissed.

Plaintiff filed this action on September 16, 2008. (Dkt. No. 1.) Because this case

[1] Anne Sabetta originally filed this action along with two additional plaintiffs, Karl Wichelman and Bridgette Walker. However, the court dismissed those additional plaintiffs via an order signed by the Honorable John A. Mendez on June 29, 2010. (Dkt. No. 19.) Plaintiff filed an interlocutory appeal challenging this dismissal. (Dkt. No. 26.) However, the Ninth Circuit dismissed this appeal on August 26, 2010 for lack of jurisdiction. (Dkt. No. 30.)

is proceeding in forma pauperis, the court screened plaintiff's complaint. Following that screening under 28 U.S.C. § 1915(e)(2), the court dismissed the complaint and permitted plaintiff to file an amended complaint. (Dkt. No. 9.) On September 3, 2009, plaintiff filed a first amended complaint. (Dkt. No. 12.) Following the screening of that complaint, the court ordered dismissal of certain claims and plaintiffs. (Dkt. Nos. 14, 19.) By separate order, the court ordered service of the first amended complaint upon defendants. (Dkt. No. 20.) In that order, plaintiff was required to submit certain documents to the United States Marshals for service of her complaint. Plaintiff was further ordered to submit "within 10 days thereafter," a "statement with the court that such documents have been submitted to the United States Marshal." (Dkt. No. 20 at 2.) The docket in this action does not reflect that plaintiff filed any such statement. In fact, the docket does not reflect service upon any defendant or appearance by any defendant.

Therefore, the court issued a subsequent order on November 1, 2010, which stated in pertinent part that plaintiff "shall file, on or before November 15, 2010, a statement with the court that she has provided **all** information needed by the United States Marshal to effectuate service of process as detailed in this court's July 6, 2010 order." (Dkt. No. 33, emphasis in original). That order also warned plaintiff that failure to timely file the required writing may result in sanctions, including but not limited to dismissal of this action.

The docket reflects that plaintiff still has not filed the required writing and thus failed to comply with the court's July 6, 2010 and November 1, 2010 orders. Accordingly, the undersigned will recommend that this case be dismissed for failure to prosecute and failure to comply with the court's orders. See Fed. R. Civ. P. 41(b); Local Rules 110, 183(a); see also Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565,

567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

For the foregoing reasons, the undersigned HEREBY RECOMMENDS that:

1. This case be dismissed without prejudice; and

2. The Clerk of Court be directed to close this case and vacate any pending dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 30, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE